FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 13, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICIA P.[1], | No. 4:22-CV-05034-SAB |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 13, 14. The motions were heard without oral argument. Plaintiff is represented by Kathryn A. Higgs; Defendant is represented by Justin L. Martin and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 13, and denies Defendant's Motion for Summary Judgment, ECF No. 14.

## I.    Jurisdiction

On January 11, 2019, Plaintiff filed an application for disability insurance benefits, with onset of August 21, 2018. Plaintiff's application was denied initially and on reconsideration. On February 17, 2021, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Kathern A. Higgs. Medical experts Jerry Walter Seligman, M.D. and Jay M. Toews, Ed.D, as well as Steven Duchesne, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on February 2, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 14, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

Plaintiff was 44 years old at the alleged onset date. She has Ehlers Danolos Syndrome. Because of this condition, Plaintiff has overly flexible joints, which lead to frequent joint dislocations. The toll of so many dislocations has impaired her ability to ambulate effectively without severe pain. She also reports that she does not sleep well because she must reposition because of the joint pain. She complains of brain fog and has difficulty remembering things. She testified that she experiences vertigo and has neck, shoulder, hip and lower back pain. She testified that she can only sit for 20-30 minutes before she has to get up and stretch. If she doesn't her hip will dislocate. When this happens, her pain increases and she is not able to move around.

Plaintiff also experiences anxiety symptoms, including panic attacks, and depression. She reported she has difficulty focusing and concentrating, and difficulty interacting with others. She does not attend social functions.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

Plaintiff has previous work in retail customer service, bus driver, and paraeducator. She quit working when it became too painful to move around. She reported that she was fired from the fabric store for making too many errors when using the computer system.

## V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-28. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 21, 2018, the alleged onset date. AR 18.

At step two, the ALJ identified the following severe impairments: Ehlers-Danlos syndrome; degenerative disc disease of the cervical, thoracic, and lumbar spine; degenerative joint disease of the bilateral shoulders, bilateral hips and left foot; and obesity. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 21. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> residual functional capacity to perform a limited range of sedentary work as defined in 20 CFR 404.1567(a). Specifically, she can lift up to 10 pounds occasionally and less than 10 pounds frequently, stand and walk for a total of two hours in an eight-hour workday, and sit for at least six hours in an eight-hour workday. She can never climb ladders, ropes, or scaffolds and can only occasionally stoop, kneel, crouch, crawl, balance, and climb ramps and stairs. Her ability to push and pull with the upper extremities is limited to only the occasional basis, as is reaching overhead bilaterally. The claimant can frequently reach in all other directions, handle, and finger. She would need to avoid all excessive temperatures, excessive vibrations, and hazards such as unprotected heights and operating moving machinery. In addition, she should avoid concentrated exposure to humidity and wetness, as well as airborne pulmonary irritants.

AR 22.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

At step four, the ALJ found that Plaintiff was capable of performing past relevant work as an order clerk. AR 26.

In the alternative, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including document preparer, appointment clerk, and final assembler. AR 28.

## VI. Issues

1. Whether the ALJ properly rejected Plaintiff's mental health impairments as severe at Step Two.
2. Whether the ALJ properly evaluated Plaintiff's symptom testimony
3. Whether the ALJ properly evaluated the medical opinions.
4. Whether the ALJ properly determined Plaintiff's RFC.

## VII. Discussion

Initially, the Court notes that the two main reasons for the ALJ to reject Plaintiff's symptom testimony and to find that she was not disabled was because the ALJ believed that Plaintiff presented with abnormal objective findings on an inconsistent basis and has maintained the ability to do activities of daily living with some accommodations. These two findings by the ALJ are not supported by substantial evidence in the record.

### a. Daily Living Activities

The ALJ noted that while Plaintiff had the ability to complete activities of daily living, she reported difficulty doing so. Notably, Plaintiff reported that she had to pace herself, take frequent breaks, do only what is essential and had to ask for help when needed. She went to the grocery store one a month and could clean her house with frequent rests. The ALJ concluded that Plaintiff's ability to complete activities of daily living, albeit with difficulty and accommodations, was evidence that she could engage in full-time employment.

The regulations permit the ALJ to discount a Plaintiff's symptom testimony when it is inconsistent with Plaintiff's daily activities. This is not the case here.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7**

Rather, the ALJ credited Plaintiff's testimony that she could complete activities of daily living, but seemingly failed to appreciate the impact that the "accommodations" would have on her ability to engage in full-time employment. Notably, having to pace oneself, take frequent breaks, do only what is essential and asking for help when needed would interfere with the ability to engage in full-time employment. Also, the ALJ failed to consider Plaintiff's testimony that she no longer shops for her groceries in person, rather she switched to online grocery shopping because of both her physical and mental limitations.

As such, the ALJ erred in relying on Plaintiff's daily living activities to find that she was not disabled, and this err was not harmless.

### b. Objective Findings

In discounting the objective findings, the ALJ found that Plaintiff presented with abnormal findings on an inconsistent basis. The ALJ's finding reflects a misunderstanding of Plaintiff's diagnosis of Ehlers-Danlos syndrome. As explained by Plaintiff, Ehlers-Danlos syndrome causes joint instability which can lead to subluxations, dislocations, sprains, and other injuries. Dislocations and sprains causing discomfort and difficulty in ambulating, but then they heal. The nature of these injuries naturally wax and wane. *See Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (noting that "[c]ycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

The ALJ failed to consider Plaintiff's testimony that her symptoms can wax and wane. For instance, Plaintiff explained that prior to her quitting employment, she had to rest up ahead of time when she knew she was working and would be exhausted the following day. She explained that she could never work consecutive days. The ALJ also failed to consider that at home, Plaintiff has the ability to rest

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

as needed, perform tasks sitting or standing, or not doing the task at all and instead asking a family member to do it instead.

Here, substantial evidence does not support the ALJ's reliance on its conclusion that Plaintiff presented with abnormal findings on an inconsistent basis to find that Plaintiff was not disabled, given the nature of the Ehlers-Danlos syndrome.

1. **Step Two Analysis**

"An impairment or combination of impairments may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quotation omitted). As instructed by the Ninth Circuit, the step two analysis is "a de minimis screen device used to dispose of groundless claims, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is clearly established by the record." *Id.* at 687 (quotation omitted).

The ALJ relied on the testimony of Dr. Toews to conclude that Plaintiff's mental impairments were non-severe. The ALJ's conclusions are not supported by substantial evidence because it is clear that Dr. Towes relied on the records of medical providers who were not treating Plaintiff for mental health concerns when coming to his conclusions, *e.g.* Dr. Schneider who was conducting an evaluation for a worker's compensation claim, Dr. Jacobs, who was treating Plaintiff for left hip and lower back problems, and a chiropractor who treated Plaintiff. This was in error.

On the contrary, Dr. Metoyer's opinion supports a finding that Plaintiff's mental health impairments meets the requirements for finding it to be severe at the Step Analysis. Moreover, Dr. Metoyer indicates that due to Plaintiff's interpersonal challenges, her ability to interact with coworkers and the public is moderately impaired. Specifically, Dr. Metoyer found that Plaintiff's "ability to deal with the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

usual stress encountered in the workplace is markedly impaired if it involves persistent activity, complex tasks, task pressure, interacting with other individuals."

Here, it is clear the ALJ and Dr. Toews focused on sporadic total scores of mental status examinations, without considering the sub scores within the mental status examination and how these sub scores affected Plaintiff's ability to engage in full-time work.

As such, the ALJ Step Two evaluation of Plaintiff's mental health impairments were not supported by substantial evidence in the record.

### 2. Plaintiff's Symptom Testimony

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 10

> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

As explained above, the ALJ erred in concluding that Plaintiff's daily living activities suggests that she is able to complete full-time work. The ALJ also erred in finding Plaintiff not credible because she would not take a steroid injection. The ALJ failed to consider the evidence in the record that previously Plaintiff had an adverse reaction and "steroid sensitivities," which, in the past, caused her to be seen at the ER. Finally, the ALJ failed to make the necessary specific findings and rational for rejecting Plaintiff's testimony, instead relying only on a general statement that her statements were inconsistent with the records. This is not sufficient under the regulations and case law.

Moreover, the record supports that Plaintiff was consistent in reporting her symptoms to her providers, and the record supports that activities, such as sitting, standing, walking, reaching, kneeling, or bending for too long will lead to dislocations and cause severe pain and fatigue.

### 3. Evaluation of the Medical Opinions

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b).The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency of an opinion are the most important factors, and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**

the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability.

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

### a.    Dr. Metoyer

The ALJ erred in finding that Dr. Metoyer's opinion was unpersuasive because it believed Dr. Metoyer's opinion was unsupported by his evaluation. Notably, as a consultive examiner who examines applicants for Social Security disability benefits at the request of the Disability Determination Services, Dr. Metoyer is familiar with Social Security's definition of disability, especially in regard to mental health impairments. Dr. Metoyer had access to the records and personally interviewed Plaintiff. Dr. Metoyer conducted objective testing, and there was no evidence that Plaintiff was being untruthful to Dr. Metoyer about her medical history or symptomatology. Rather than be supported, his opinion is consistent with his evaluations, and is consistent with the longitudinal record,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 12

which reflects that Plaintiff frequently has a dysphoric and anxious mood, with some recent memory losses.

On the contrary, because Dr. Metoyer's opinion is supported and consistent with the record, the ALJ should have incorporated Dr. Metoyer's opinions in formulating Plaintiff's RFC.

**VIII. Conclusion**

Substantial evidence does not support the ALJ's conclusion that Plaintiff is not disabled. The ALJ erred in failing to properly consider the medical opinion evidence and Plaintiff's symptom testimony. As such, the ALJ's RFC assessment does not account for the full extent of Plaintiff's functional limitation and therefore cannot support the ALJ's disability determination. The RFC failed to account for Plaintiff's inability to maintain productively and pace, and the need for additional breaks and likely absenteeism. Additionally, the ALJ failed to consider that Plaintiff would be off-task and her social limitations in formulated the RFC. These additional limitations are supported by substantial evidence in the record. And, if the ALJ incorporated these limitations in Plaintiff's RFC, it is clear that she would be unable to perform her past work or other jobs in the economy. As such, remand is necessary for an immediate award of benefits.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 14 is **DENIED.**

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 13th day of February 2023.



Stanley A. Bastian
Chief United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14